VANDERCAR v. UNIVERSAL TRUST CO. (two cases).*

(Supreme Court, Appellate Division, Second Department. February 11, 1903.)

1. NEGLIGENCE—DEFECTIVE APPLIANCE—NOTICE—EVIDENCE.

In an action for personal injury resulting from the fall of a dumb-waiter, caused by the breaking of the sustaining rope, the admission of evidence that some of the strands of the same rope had broken before, and, on the attention of defendant's superintendent being called thereto, he caused the rope to be repaired, was admissible as a warning to defendant that the condition of the rope required watchfulness.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Where a tenement house was supplied with a dumb-waiter, which was so arranged in the cellar that people delivering goods would come in

---

* For motion to appeal to Court of Appeals, see 80 N. Y. Supp. 783.

there and use it, and was for the use of anybody coming into the cellar and wanting to send supplies up, it was not negligent for a tenant of the building to thus use it.

Appeal from trial term, Kings county.

Actions by Sarah A. Vandercar against the Universal Trust Company, and John H. Vandercar against the same. From judgments in favor of plaintiffs, and from orders denying new trials, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

George M. Mackellar (Clarence Lexow, on the brief), for appellant. Cyrus V. Washburn, for respondents.

WILLARD BARTLETT, J. These are two actions for negligence, growing out of the fall of a dumb-waiter in an apartment house owned by the defendant. One is brought by the tenant who was injured, and the other by her husband. The dumb-waiter was caused to fall by the breaking of the rope by which it was supported. The cases were tried together by consent. The accident which gave rise to the litigation occurred in September, 1900. A witness,—Annie White,—who was called in behalf of the plaintiffs, testified that she had formerly lived in the apartment house from August, 1896, to April, 1900; that while she was there two or three of the strands of the elevator rope broke; that the rope gave out at the top, where it was tied to the dumb-waiter; that before it broke she told Mr. Linn, the secretary of the Universal Trust Company, of the condition of the rope; that a man was sent to repair it, and repaired the strands that were broken. Objections were interposed to this testimony as it came in, and exceptions duly taken in behalf of the defendant, and, after it was all in, counsel for defendant moved to strike it out, which motion was denied, and defendant excepted. It thus appears that proof was received and allowed to remain in the case as to the previous existence of defects in the rope, all of which had been remedied after notice to the defendant's agent, and at least several months before the accident of which the plaintiffs complain; and it is earnestly contended that the reception of this evidence and the refusal to strike it out constitute reversible error. I think that the admission and retention of this evidence in the case would be fatal to the judgments if it appeared that after the break in the rope which Mrs. White describes the defendant had substituted a wholly new rope for that which broke. Then the former occurrence would have had no possible relation to the breaking of the rope by which the dumb-waiter was allowed to fall and injure Mrs. Vandercar. We should, in that event, have the case of an accident due to the insufficiency of an entirely new part of the structure. But it seems to me that the fact that the very same rope which gave way and let the dumb-waiter fall on Mrs. Vandercar had previously given way so as to require repair in order to permit its continued use by the tenants, all of which facts were known to the agent of the defendant, might properly be regarded by the jury as a warning to the owner of the

apartment house that the condition of the rope was such as to require watchfulness and inspection to keep it safe for use, so that the failure to take some precautions to insure its continued sufficiency might justify the imputation of negligence. For this reason I am of opinion that the evidence was admissible.

The proposition that Mrs. Vandercar was guilty of contributory negligence as matter of law is based upon the fact that when the elevator fell she was endeavoring to operate it from the cellar. This seems sufficiently answered by the testimony of the defendant's own janitor, who was in charge of the premises, by which it expressly appears that "the elevator was so arranged in the cellar that people delivering goods would come in there and use it. It was for the use of anybody coming into the cellar and wanting to send stuff up." The jury were certainly warranted in refusing to impute contributory negligence to a new tenant, such as Mrs. Vandercar was, for making use of the dumb-waiter just as strangers bringing supplies to the occupants of the building were expected by the owner to use it. The proof is adequate to support the verdict. There was no substantial error committed upon the trial, and I therefore advise an affirmance.

Judgment and order affirmed, with costs. All concur.